IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**IRVING HARRIS**                                                                                            **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO.   2:08-cv-112-KS-MTP**

**DANNY REGAL**                                                                                         **DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## DISMISSING THE PLAINTIFF'S COMPLAINT

The Plaintiff, an inmate proceeding *pro se*, filed this complaint pursuant to 42 U.S.C. § 1983 and requested *in forma pauperis* status.  On July 21, 2008, and July 25, 2008, the Plaintiff filed two unsigned pleadings [14,15].  On August 25, 2008, an order [16] was entered directing the Clerk to return a copy of the documents to the Plaintiff for his signature.  The Plaintiff was directed to return the signed pleadings to the Court, within fifteen days  In addition, the Plaintiff was ordered to file a written response clearly stating his current address, within fifteen days.  The Plaintiff was warned that his failure to timely comply with any order of this Court would result in the dismissal of this case.  The Plaintiff failed to comply with this order.

On September 30, 2008, an order [17] was entered directing Plaintiff to show cause on or before October 14, 2008, why this case should not be dismissed for his failure to comply with the Court's August 25, 2008 order.  In addition, Plaintiff was directed to comply with the order by filing the required documentation.  The Plaintiff was warned in this Court's order of September 30, 2008, that failure to timely comply with the requirements of the order would lead to the dismissal of his case, without further notice.  The Plaintiff failed to comply with this order.

Plaintiff has failed to comply with two Court orders.   It is apparent from the Plaintiff's failure to communicate with this Court that he lacks interest in pursuing this claim.

This Court has the authority to dismiss an action for the Plaintiff's failure to prosecute

under Fed.R.Civ.P.41(b) and under its inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 629 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

The Plaintiff has not contacted this Court since July 25, 2008. The Court concludes that dismissal of this action for Plaintiff's failure to prosecute under FED.R.CIV.P.41(b) is proper. Since the Defendant has not been called upon to respond to the Plaintiff's pleading, and has not appeared in this action, and since the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal will be without prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, No. 05-31009, 2006 WL 2852389, at *2 (5th Cir. Oct. 2, 2006).

IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's Complaint shall be dismissed without prejudice. A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED, this the 6th day of November, 2008.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE